UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ALLISON RAYGOR,

                                Plaintiff,                **NOTICE FOR  REMOVAL**

        -against-

NAPOLEON MANCHENO and LOGITECH TRANSPORT
LLC.,

                                Defendants.
----------------------------------------------------------------------X

       Defendants Napoleon Cadena-Mancheno and Logitech Transport LLC, by Smith Mazure

Director Wilkins Young & Yagerman, P.C. in the above-entitled proceeding, desiring to exercise

their right to removal pursuant to 28 U.S.C. §§1441 and 1446, as amended by the Judicial

Improvements and Access to Justice Acts §1016 (HR 4807), states as follows:

       1.     This suit was commenced by plaintiff against the defendants in the Supreme
Court of the State of New York, County of Kings.  Plaintiff seeks damages for personal injuries
in the amount in excess of $75,000, exclusive of costs and disbursements.  This office spoke with
plaintiff's counsel prior to making this petition.  Plaintiff's counsel advised that the amount in
controversy exceeds $75,000 as her client sustained a wrist fracture as well as other injuries.
Inasmuch as New York State does not allow an addendum clause in the initial pleadings, the call
requesting value is required.  Plaintiff's cause of action sounds in negligence as a result of a
motor vehicle.  Copies of the Summons and Complaint and defendants' Answer are annexed
cumulatively as **Exhibit "A"**.

       2.     This is a suit of civil nature which this United States District Court has original
jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

       3.     Plaintiff's Summons indicates that plaintiff is a citizen of the State of New York
residing in County of Kings.  (See Exhibit "A").

       4.     Defendants Napoleon Cadena-Mancheno and Logitech Transport LLC are
citizens of the State of New Jersey.

       5.     Based upon the foregoing, it appears that there is complete diversity between the
plaintiff and the defendants.

       6.     The time to file this petition for removal of this action to this Court has not
elapsed.

**WHEREFORE**, defendants Napoleon Cadena-Mancheno and Logitech Transport LLC request that this case be removed to the United States District Court, Eastern District of New York, together with such other and further relief as to this Court may deem just, proper and equitable.

Dated: New York, New York
      May 10, 2019

*Yours, etc.,*

SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.
Attorneys for Defendants
Napoleon Cadena-Mancheno and Logitech
Transport LLC
111 John Street
New York, NY  10038
(516) 294-7325
NIC-00653

TO:
Gentile & Associates
401 Park Avenue, 10th Floor
New York, NY  10016
(212) 689-6009/(212) 213-1093 (F)
Attorney for Plaintiff
Allison Raygor

APE/mzr
90

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------X

ALLISON RAYGOR,

Plaintiff,

-against-

NAPOLEON MANCHENO and LOGITECH
TRANSPORT LLC.,

Defendants.

------------------------------------------------------------------X

**SUMMONS**

Index No.:

Plaintiff designate New York County
County as the place of trial.

The basis of venue is:
Plaintiff' residence and Location of
Accident
Plaintiff resides at:
136 Macon Street
Brooklyn, NY 11216

Date filed: December 14, 2018

**To the above named Defendant:**

**You are hereby summoned** to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this summons, to serve a notice of appearance on the plaintiff' attorney, within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
         December 14, 2018

GENTILE & ASSOCIATES
By: LAURA GENTILE
Attorneys for Plaintiff
401 Park Avenue South, 10th Floor
New York, New York 10016
(212) 689-6009

To:
NAPOLEON MANCHENO
204 Parkhurst Street
Newark NJ 05114

LOGITECH TRANSPORT, LLC.
176 Parsippany Rd.
Parsippany NJ 07054
and
32 South 22nd Street
Irvington, NJ 07111

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

ALLISON RAYGOR

                              Plaintiff,                    **VERIFIED COMPLAINT**

    -against-                                               Index No.:

NAPOLEON MANCHENO and
LOGITECH TRANSPORT LLC.,

                              Defendants.
-------------------------------------------------------------------X

Plaintiff by her attorneys Gentile & Associates, as and for her Complaint against defendants,

states, upon information and belief, as follows:

1.      At the time of the commencement of this action, plaintiff ALLISON RAYGOR

was and still is a resident of the State of New York, County of Kings.

2.      This action falls within one or more of the exceptions set forth in CPLR § 1602.

3.      Plaintiff ALLISON RAYGOR has sustained serious injury as defined in the

Insurance Law of the State of New York § 5102(d) and said loss is greater than the economic as

defined in the Insurance Law of the State of New York § 5102(a).

4.      At the time of the commencement of this action, defendant NAPOLEON

MANCHENO was and still is a resident of the State of New Jersey.

5.      At all times relevant herein, defendant NAPOLEON MANCHENO operated a

motor vehicle bearing New Jersey State license plate number AS368X.

6.      At all times relevant herein, defendant NAPOLEON MANCHENO owned the

aforesaid motor vehicle.

7.      At all times relevant herein, defendant NAPOLEON MANCHENO managed the

aforesaid motor vehicle.

8.      At all times relevant herein, defendant NAPOLEON MANCHENO maintained the aforesaid motor vehicle.

9.      At all times relevant herein, defendant NAPOLEON MANCHENO controlled the aforesaid motor vehicle.

10.     At the time of the commencement of this action, defendant LOGITECH TRANSPORT, LLC. was and still is a resident of the State of New York, County of New York.

11.     At the time of the commencement of this action, defendant LOGITECH TRANSPORT, LLC. was and still is a resident of the State of New Jersey, County of Essex.

12.     At the time of the commencement of this action, defendant LOGITECH TRANSPORT, LLC. was and still is a foreign corporation.

13.     At the time of the commencement of this action, defendant LOGITECH TRANSPORT, LLC. was and still is a foreign corporation doing business in New York State.

14.     At the time of the commencement of this action, defendant LOGITECH TRANSPORT, LLC. was and still is a foreign corporation authorized to do business New York State.

15.     At the time of the commencement of this action, defendant LOGITECH TRANSPORT, LLC. was and still is incorporated in the state of New Jersey.

16.     At the time of the commencement of this action, defendant LOGITECH TRANSPORT, LLC. was and still is a foreign limited liability company.

17.     At the time of the commencement of this action, defendant LOGITECH TRANSPORT, LLC. was and still is a foreign limited liability company doing business in New York State.

18.     At the time of the commencement of this action, defendant LOGITECH

TRANSPORT, LLC. was and still is a foreign limited liability company authorized to do business

New York State.

19.     At all times relevant herein, defendant LOGITECH TRANSPORT, LLC. operated a

motor vehicle bearing New Jersey State license plate number AS368X.

20.     At all times relevant herein, defendant LOGITECH TRANSPORT, LLC. owned the

aforesaid motor vehicle.

21.     At all times relevant herein, defendant LOGITECH TRANSPORT, LLC. managed

the aforesaid motor vehicle.

22.     At all times relevant herein, defendant LOGITECH TRANSPORT, LLC.

maintained the aforesaid motor vehicle.

23.     At all times relevant herein, defendant LOGITECH TRANSPORT, LLC. controlled

the aforesaid motor vehicle.

24.     At all times relevant herein, defendant NAPOLEON MANCHENO was an

employee of LOGITECH TRANSPORT, LLC.

25.     At all times relevant herein, defendant NAPOLEON MANCHENO was acting

within the scope of his employment with LOGITECH TRANSPORT, LLC.

26.     At all times relevant herein, defendant NAPOLEON MANCHENO was operating

the aforesaid vehicle with the knowledge and consent of the vehicle owner.

27.     At all times relevant herein, Kent Avenue at its intersection with Flushing Avenue

was a public roadway in the City and State of New York, County of Kings.

28.     At all times relevant herein, defendant NAPOLEON MANCHENO was operating

the aforesaid motor vehicle at the aforesaid location.

29.     At all times relevant herein, plaintiff ALLISON RAYGOR was a lawful pedestrian at the aforesaid location.

30.     At all times relevant herein, plaintiff ALLISON RAYGOR was a lawful bicyclist at the aforesaid location

31.     On September 25, 2017, at the aforesaid location, defendants forcibly struck plaintiff ALLISON RAYGOR with the aforesaid vehicle, causing her to suffer severe and permanent injuries.

32.     As a result of the aforesaid contact, plaintiff ALLISON RAYGOR was caused to sustain serious personal injuries.

33.     The aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants without any fault or negligence of the plaintiff in contributing thereto. Defendants were negligent in the ownership, operation, management, maintenance, use, and control of the aforesaid vehicle, and was otherwise negligent, careless, and reckless under the circumstances then and there prevailing.  The above-stated occurrence and the results thereof were in no way due to any negligence on the part of the plaintiff contributing thereto, but were caused solely by the negligence of the defendants in the ownership, operation, management, maintenance, and control of the motor vehicle; in striking plaintiff who was traveling with the right of way in conformity with the traffic signal; in failing to yield the right of way to plaintiff; in operating same without due regard to the rights and safety of the plaintiff; in operating his said motor vehicle in a manner which unreasonably endangered plaintiff; in failing to properly steer, guide, manage, and control the motor vehicle; in operating same at a rate of speed greater than was reasonable and proper at the time and place of the occurrence; in failing to apply the brakes of his said motor vehicle or slow down or stop in a manner as would have prevented the occurrence; in failing to have made adequate and timely observation of and response to conditions; in failing to observe and obey signs and signals prevailing at the time and place of the occurrence; in failing to wear corrective lenses; in texting

FILED: KINGS COUNTY CLERK 12/14/2018 08:39 PM    INDEX NO. 525246/2018

NYSCEF DOC. NO. 1    Case 1:19-cv-02768-DLI-CLP   Document 1   Filed 05/10/19   Page 9 of 22 PageID #: 9    RECEIVED NYSCEF: 12/14/2018

while driving; in using a phone while driving without a hands-free device; in failing to observe what

was to be observed; in failing to keep a proper lookout when controlling said vehicle; in failing to

maintain said vehicle according to law; in failing to give adequate and timely signal, notice, or

warning; in operating said vehicle in violations of the traffic rules, regulations, statutes, and

ordinances in such cases made and provided; in violating VTL §§ 1129, 1225-c, 1225-d, 1140, and

1146; in violating section 19-190 of the New York City Administrative Code; and, in being

otherwise careless, reckless, and negligent in the ownership, maintenance, operation, and control of

his said motor vehicle.

34.    By reason of the foregoing, plaintiff has been damaged in a sum which exceeds the

jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION:**
**PROPERTY DAMAGE**

35.    Plaintiff repeats and realleges each and every allegation as set forth within the

Complaint with the same force and effect as though each were more fully set forth at length herein.

36.    At all times relevant herein, plaintiff owned a bicycle.

37.    At all times relevant herein, as the result of the aforesaid accident, plaintiff's bicycle

was severely damaged.

38.    By reason of the foregoing, plaintiff has been damaged in a sum which exceeds the

jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demand judgment against the defendants herein in a sum

exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction,

together with the costs and disbursements of this action, and such other and further relief as this

Court deems just and proper.

Case 1:19-cv-02768-DLI-CLP   Document 1   Filed 05/10/19   Page 10 of 22 PageID #: 10

Dated:      New York, New York
            December 14, 2018

Yours, etc.,

GENTILE & ASSOCIATES
By: LAURA GENTILE
Attorneys for Plaintiff
ALLISON RAYGOR
401 Park Avenue South, 10th Floor
New York, New York 10016
(212) 689-6009

Case 1:19-cv-02768-DLI-CLP   Document 1   Filed 05/10/19   Page 11 of 22 PageID #: 11

## VERIFICATION

LAURA GENTILE, and attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalty of perjury:

I am a member of GENTILE & ASSOCIATES, attorneys of record for plaintiff ALLISON RAYGOR.  I have read the annexed Complaint and know the contents thereof, and the same are true to my knowledge, and as to those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.  My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.  I make this verification because plaintiff does not reside in the county in which we maintain our offices.

Dated:  New York, New York
        December 14, 2018

LAURA GENTILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
ALLISON RAYGOR,

                          Plaintiff,

             -against-

NAPOLEON MANCHENO and LOGITECH TRANSPORT
LLC.,

                        Defendants.
-------------------------------------------------------------------X

**<u>VERIFIED ANSWER</u>**

Index No. 525246/2018

Defendant Logitech Transport LLC by Smith Mazure Director Wilkins Young & Yagerman, P.C., upon information and belief, answers the complaint of plaintiff as follows:

1.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint herein designated as: 1, 4, 7, 8, 9, 17, 21, 22, 23, 29, 30, and 36.

2.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Complaint designated: 2 and respectfully refers all questions of law to this Honorable Court.

3.     Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint herein designated as: 11, but admits Logitech Transport LLC was and still is a resident of New Jersey.

4.     Denies each and every allegation contained in all paragraphs of the complaint herein designated as: 3, 6, 10, 12, 13, 14, 19, 31, 32, 33, 34, 37 and 38.

5.     As and for its/their response to each and every allegation contained in paragraph 35. Defendant Logitech Transport LLC repeats, reiterates and realleges each and every admission, denial and allegation heretofore made with the same force and effect as if set forth at length herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

That the amount recoverable shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages, including, but not limited to, plaintiff's contributory negligence and/or assumption of the risk.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

There is no personal jurisdiction over the defendant as service of process has not been personally made within the State of New York nor pursuant to statutory authority.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

The plaintiff did not suffer any serious injury as defined by Section 5102 of the Insurance Law of the State of New York nor has the plaintiff sustained any economic loss as defined in Sections 5102 and 5104 of the Insurance Law of the State of New York.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

That in the event plaintiff herein have made a claim for no-fault benefits and have submitted any dispute they may have had to Arbitration, then the decision of the arbitrator(s) as to any and all issues decided by said arbitrator(s) shall collaterally estop plaintiff in this lawsuit.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

That the plaintiff was not wearing a seat belt at the time of the alleged occurrence and accordingly, any award made to and accepted by said plaintiff for injuries set forth in the complaint must be reduced in such proportion to the extent that the injuries complained of were caused, aggravated, or contributed to by plaintiff's failure to wear a seat belt and to have same operational at the time of the occurrence.

**WHEREFORE**, Defendants demands judgment dismissing the complaint of Plaintiff together with the costs and disbursements of this action.

Dated: New York, New York
   February 4, 2019

         *Yours, etc.,*

         SMITH MAZURE DIRECTOR WILKINS
         YOUNG & YAGERMAN, P.C.
         Attorneys for Defendant
         Logitech Transport LLC
         111 John Street
         New York, NY  10038
         (516) 294-7325
         NIC-00653

TO:
Gentile & Associates
Attorney for Plaintiff
Allison Raygor
401 Park Avenue, 10th Floor
New York, NY  10016
(212) 689-6009/(212) 213-1093 (F)

APE/mzr
30

## <u>VERIFICATION</u>

Ann P. Eccher, an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following under penalty of perjury and pursuant to CPLR 2106:

I am a member of Smith Mazure Director Wilkins Young & Yagerman, P.C., and I have read the contents of the foregoing answer and it is true of my own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe them to be true.

( X )   I make this verification because Defendant Logitech Transport LLC resides outside of the county where Smith Mazure Director Wilkins Young & Yagerman, P.C. maintains its office.

(  )   I make this verification because Defendant Logitech Transport LLC, is a corporation and Smith Mazure Director Wilkins Young & Yagerman, P.C., is its attorney in this action and my knowledge is based upon all facts and corporation records available and in my possession.

Dated: New York, New York
         February 4, 2019

_____
Ann P. Eccher

NIC-00653/30

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

ALLISON RAYGOR,                                                     INDEX NO. 525246/2018

                                      Plaintiff,

                  -against-

NAPOLEON MANCHENO and LOGITECH TRANSPORT LLC.,

                                      Defendants.

---

**VERIFIED ANSWER**

---

**SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C.**
Attorneys for Defendant
Logitech Transport LLC
111 John Street
New York, NY 10038
(516) 294-7325
NIC-00653

---

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a**

  Ann P. Eccher hereby certifies   to the best of the undersigned's knowledge and information and belief and after an inquiry reasonable under the circumstances, that, pursuant to 22 N.Y.C.R.R. §130-1.1a-b, (1) the contentions contained in the annexed document are not frivolous as defined in section 130-1.1(c) of this Subpart, and (2) where the paper is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned there from, and (ii) the matter was not obtained in violation of 22 NYCRR 1200.41-a [DR 7-111].

Dated: New York, New York                                 _____
   February 4, 2019                                         Ann P. Eccher

---

APE/mzr
30

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
ALLISON RAYGOR,

                              Plaintiff,

         -against-

NAPOLEON MANCHENO and LOGITECH TRANSPORT
LLC.,

                            Defendants.
-------------------------------------------------------------------X

**VERIFIED ANSWER**

Index No. 525246/2018

Hon. Loren Baily-Schiffman,
J.S.C.

Defendant Napoleon Cadena-Mancheno by Smith Mazure Director Wilkins Young &
Yagerman, P.C., upon information and belief, answers the complaint of Plaintiff as follows:

1.      Denies any knowledge or information sufficient to form a belief as to the truth of
the allegations contained in the paragraphs of the complaint herein designated as: 1, 7, 8, 9, 17,
21, 22, 23, 29, 30, and 36.

2.      Denies any knowledge or information sufficient to form a belief as to the truth of
the allegations contained in the paragraphs of the Complaint designated: 2 and respectfully refers
all questions of law to this Honorable Court.

3.      Denies any knowledge or information sufficient to form a belief as to the truth of
the allegations contained in the paragraphs of the complaint herein designated as: 11, but admits
Logitech Transport LLC was and still is a resident of New Jersey.

4.      Denies each and every allegation contained in all paragraphs of the complaint
herein designated as: 3, 6, 10, 12, 13, 14, 19, 31, 32, 33, 34, 37 and 38.

5.      As and for its/their response to each and every allegation contained in paragraph
35. Defendant Logitech Transport LLC repeats, reiterates and realleges each and every
admission, denial and allegation heretofore made with the same force and effect as if set forth at
length herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

That the amount recoverable shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages, including, but not limited to, plaintiff's contributory negligence and/or assumption of the risk.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

There is no personal jurisdiction over the defendant as service of process has not been personally made within the State of New York nor pursuant to statutory authority.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

The plaintiff did not suffer any serious injury as defined by Section 5102 of the Insurance Law of the State of New York nor has the plaintiff sustained any economic loss as defined in Sections 5102 and 5104 of the Insurance Law of the State of New York.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

That in the event plaintiff herein have made a claim for no-fault benefits and have submitted any dispute they may have had to Arbitration, then the decision of the arbitrator(s) as to any and all issues decided by said arbitrator(s) shall collaterally estop plaintiff in this lawsuit.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

That the plaintiff was not wearing a seat belt at the time of the alleged occurrence and accordingly, any award made to and accepted by said plaintiff for injuries set forth in the complaint must be reduced in such proportion to the extent that the injuries complained of were caused, aggravated, or contributed to by plaintiff's failure to wear a seat belt and to have same operational at the time of the occurrence.

**WHEREFORE**, defendant demands judgment dismissing the complaint of Plaintiff together with the costs and disbursements of this action.

Dated: New York, New York
          March 25, 2019

                                        *Yours, etc.,*

                                        SMITH MAZURE DIRECTOR WILKINS
                                        YOUNG & YAGERMAN, P.C.
                                        Attorneys for Defendants
                                        Napoleon Cadena-Mancheno and Logitech
                                        Transport LLC
                                        111 John Street
                                        New York, NY  10038
                                        (516) 294-7325
                                        NIC-00653

TO:
Gentile & Associates
Attorney for Plaintiff
Allison Raygor
401 Park Avenue, 10th Floor
New York, NY  10016
(212) 689-6009/(212) 213-1093 (F)

APE/mzr
50

3

## **VERIFICATION**

Ann P. Eccher, an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following under penalty of perjury and pursuant to CPLR 2106:

I am a member of Smith Mazure Director Wilkins Young & Yagerman, P.C., and I have read the contents of the foregoing answer and it is true of my own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe them to be true.

(X ) I make this verification because Defendants, Napoleon Cadena-Mancheno and Logitech Transport LLC, resides outside of the county where Smith Mazure Director Wilkins Young & Yagerman, P.C. maintains its office.

( ) I make this verification because Defendants, Napoleon Cadena-Mancheno and Logitech Transport LLC, is a corporation and Smith Mazure Director Wilkins Young & Yagerman, P.C., is its attorney in this action and my knowledge is based upon all facts and corporation records available and in my possession.

Dated: New York, New York
March 25, 2019

_____
Ann P. Eccher

NIC-00653/50

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

ALLISON RAYGOR,                                                    INDEX NO. 525246/2018

                                          Plaintiff,

              -against-

NAPOLEON MANCHENO and LOGITECH TRANSPORT LLC.,

                                          Defendants.

**VERIFIED ANSWER**

**SMITH MAZURE DIRECTOR WILKINS YOUNG & YAGERMAN, P.C.**
Attorneys for Defendants
Napoleon Cadena-Mancheno and Logitech Transport LLC
111 John Street
New York, NY  10038
(516) 294-7325
NIC-00653

**CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a**

Ann P. Eccher hereby certifies  to the best of the undersigned's knowledge and information and belief and after an inquiry reasonable under the circumstances, that, pursuant to 22 N.Y.C.R.R. §130-1.1a-b, (1) the contentions contained in the annexed document are not frivolous as defined in section 130-1.1(c) of this Subpart, and (2) where the paper is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned from, and (ii) the matter was not obtained in violation of 22 NYCRR 1200.41-a [DR 7-111].

Dated:    New York, New York                                      Ann P. Eccher
          March 25, 2019

APE/mzr
50

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Notice for Removal was mailed by first class mail, postage prepaid, this May 10, 2019, to all counsel of record as indicated on the service list below.

_____

Ann P. Eccher

For the Firm

## <u>SERVICE LIST</u>

Gentile & Associates

401 Park Avenue, 10th Floor

New York, NY  10016

(212) 689-6009/(212) 213-1093 (F)

Attorney for Plaintiff

Allison Raygor

APE/mzr
90